359 So.2d 1127 (1978)
Lydia F. KNEPPER, Plaintiff-Appellant,
v.
STATE of Louisiana, Through DEPARTMENT OF HEALTH AND HUMAN RESOURCES ADMINISTRATION, et al. Defendants,
Dr. Frank H. Marek and Hartford Accident and Indemnity Company, Defendants-Appellees.
No. 6473.
Court of Appeal of Louisiana, Third Circuit.
June 8, 1978.
*1128 Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Jones, Patin, Harper, Tete & Nolen, William M. Nolen, Lake Charles, Frank P. Trosclair, Jr., Baton Rouge, Cox, Cox & Knapp by James J. Cox, Lake Charles, Camp, Carmouche, Palmer, Carwile & Barsh, J. A. Delafield, Lake Charles, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX, and WATSON, JJ.
DOMENGEAUX, Judge.
This is a medical malpractice case, filed in the captioned District Court, in which plaintiff seeks monetary relief. Her petition alleges that, while she was a patient at Lake Charles Charity Hospital, she suffered damages because of negligent performance of certain diagnostic procedures and surgery. She sued the State of Louisiana, through the Department of Health and Human Resources Administration, as the operator of the hospital; Dr. Frank H. Marek, as the head of the radiology department of the hospital; Dr. Maurice D. Levy, as the physician who performed the subsequent surgery; and the insurer of these; physicians, Hartford Accident and Indemnity Company.
Under the provisions of Louisiana's Medical Malpractice Act, La.R.S. 40:1299.41, et seq., specifically Section 1299.47(B), defendants, Dr. Frank H. Marek and Hartford Accident and Indemnity Company, filed a dilatory exception of prematurity, premised on the fact that plaintiff did not first present her claim to a medical review panel before filing her suit in the District Court. Based on stipulations and admissions, the trial court sustained the exception and dismissed plaintiff's suit as to Doctor Marek and Hartford, as his insurer only.
Plaintiff has appealed, contending that Section 1299.47 of the Act is unconstitutional.
For the reasons set out in the case of Everett v. Goldman, et al., 359 So.2d 1256 (La.1978), we affirm the action of the District Court.
The Supreme Court in the Everett case upheld as constitutional, two sections of the Louisiana Medical Malpractice Act, one of which was La.R.S. 40:1299.47.[1]
The Everett decision discusses at length the history and purposes of the aforementioned Medical Malpractice Act, and the constitutional challenges concerning Sections 1299.47 and 1299.41(E).
*1129 Inasmuch as plaintiff did not follow the procedure set out in La.R.S. 40:1299.47, and according to the pronouncement by our Supreme Court in the Everett case, supra, we therefore affirm the decision of the trial court, sustaining the exception of prematurity and dismissing plaintiff's suit as to Dr. Frank H. Marek and Hartford Accident and Indemnity Company, as his insurer only.
Costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] We note that the Court in Everett also declared constitutional Section 1299.41(E), relative to the prohibition of including a specific dollar amount in the demand for malpractice claims. We are not concerned with this section in the instant case.