399 So.2d 744 (1981)
Robert HODGE, Plaintiff and Appellant,
v.
LAFAYETTE GENERAL HOSPITAL et al., Defendants and Appellees.
No. 8124.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Shelton & Lagendre, Thomas F. Porter, IV, Lafayette, for plaintiff-appellant.
Simon & Woodruff, Diana P. Simon, Onebane, Donohue, Bernard, Torian, Diaz, McNamara & Abell, P. A., Timothy J. McNamara, Lafayette, for defendants-appellees.
Voorhies & Labbe, Marc W. Judice, Lafayette, Gracella Simmins, Baton Rouge, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and LABORDE, JJ.
*745 CULPEPPER, Judge.
This is a medical malpractice action. The plaintiff, Robert R. Hodge, seeks damages for personal injuries resulting from a surgical operation on his left knee. Named as defendants are the surgeon, Dr. J. Lee Leonard, and his insurer, Hartford Accident and Indemnity Company and Lafayette General Hospital and its insurer, Continental Insurance Company. The defendant hospital and its insurer filed an exception of prematurity. The physician and his insurer filed exceptions of lack of jurisdiction and improper venue. The trial court treated the physician's exceptions as one of prematurity and sustained the exceptions as to all defendants on the grounds that the plaintiff's actions are premature because the plaintiff has not complied with the medical review panel requirements of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.47 et seq. Plaintiff appealed. We affirm.
The substantial issue on appeal is whether lack of informed consent is a battery or an intentional tort, not subject to the provisions of the Medical Malpractice Act requiring review by a medical panel prior to filing suit.
The facts are that on August 16, 1977, while plaintiff was employed by Frontier Kemper Construction Company as a carpenter and welder at the Weeks Island Salt Mine, he was struck on his left knee by a falling beam. As a result of this injury, plaintiff consulted the defendant, Dr. J. Lee Leonard. This physician performed surgery on the plaintiff's knee on October 17, 1978 at Lafayette General Hospital. Subsequently, complications developed which give rise to this suit. Plaintiff's petition alleges the surgical procedure was performed without his prior "informed consent". He admits his claims were not reviewed by a medical panel before suit.
The pertinent statutory provisions are as follows: LSA-R.S. 40:1299.47 requires all malpractice claims, regardless of their nature, to be submitted before a medical review panel. It states in pertinent part:
"§ 1299.47. Medical review panel
"A. All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section.

* * * * * *
"B. No action, against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived."
The terms "tort" and "Malpractice" are defined by R.S. 40:1299.41(7) and (8) as:
"(7) `Tort' means any breach of duty or any negligent act or omission proximately causing injury or damage to another. The standard of care required of every health care provider, except a hospital, in rendering professional services or health care to a patient, shall be to exercise that degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his best judgment, in the application of his skill.
"(8) `Malpractice' means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient." (Emphasis supplied)
Plaintiff first contends he need not submit his claim to a medical review panel under LSA-R.S. 40:1299.47 because a cause of action based on lack of "informed consent" is not "malpractice" under the above *746 quoted statutory definitions. Plaintiff quotes from Beck v. Lowell, 361 So.2d 245 (La.App. 1st Cir. 1978) as supporting his contention that in medical malpractice cases there is a distinction between unintentional negligence and intentional torts:
"A surgeon who performs an operation without the consent of a patient, or some authorized person, commits a trespass on the body of the patient, in the nature of a battery, and subjects himself to liability for damages."
In Percle v. St. Paul Fire & Marine Insurance Company, 349 So.2d 1289 (La.App. 1st Cir. 1977), writ denied 350 So.2d 1218 (La. 1977), plaintiff contended his lack of informed consent rendered the physician liable, as having committed a battery on plaintiff's person, irrespective of negligence. The court discussed the two legal theories, negligence and battery, used to find liability based on lack of informed consent. The opinion states that although some courts have applied the battery theory, the majority view considers failure to inform the patient as constituting negligence, principally because of the absence of the physician's intent to injure his patient. The court quotes at length from Trogun v. Fruchtman, 58 Wis.2d 569, 207 N.W.2d 297 (1973), which gives several reasons for the inadequacy of the battery theory of liability in informed consent cases. First, lack of informed consent does not fit the traditional concepts of battery, i. e., an intentional touching or striking another person. Second, the failure to inform a patient is not, in the usual case, an intentional tort, because there is no intent to injury nor substantial certainty that injury is likely to result. Third, the lack of informed consent is not compatible with the traditional idea of "contact" or "touching", because the physician is performing surgery or other treatment in an effort to cure the patient. Fourth, a question may arise as to whether a physician's malpractice insurance covers liability for battery, a criminal act, or for an intentional tort. For these reasons, the Wisconsin court concluded it is preferable to treat lack of informed consent as negligence arising out of breach of duty to inform the patient of all known risks.
In Percle, the Court of Appeal, Fourth Circuit, accepted the reasoning of the Wisconsin court in Trogun, and treated lack of informed consent as negligence, rather than battery. We also think the reasoning of these courts is sound and must be accepted.
We conclude that lack of "informed consent" is unintentional negligence, not an intentional tort, and therefore is covered by the provisions of the Louisiana Medical Malpractice Act.
Plaintiff argues next that the adoption of the "UNIFORM CONSENT LAW", LSA-R.S. 40:1299.40, separate from the "MEDICAL MALPRACTICE ACT", LSA-R.S. 40:1299.41 et seq., shows a legislative intent that actions based on lack of informed consent not be subject to the provisions of the Medical Malpractice Act. The Uniform Consent Law, which was adopted at the same time as the Medical Malpractice Act, sets forth the definition of "Consent to Medical Treatment" and the requirements therefor.
Plaintiff contends the issue of informed consent is a fact question for the judge or jury without the necessity of expert medical testimony, and that therefore the issue need not be submitted to a medical review panel. We disagree, in most cases, expert medical opinion is necessary to determine whether the patient has been informed of all "known risks".
Moreover, LSA-R.S. 40:1299.47 requires all medical malpractice actions to be submitted to a medical review panel. We have already determined that this is a medical malpractice action. We note also that the opinion of the medical review panel may contain the conclusion that there is a "material issue of fact, not requiring expert medical opinion, bearing on liability for consideration by the court." LSA-R.S. 40:1299.47(G)(3). This supports our conclusion.
Plaintiff also contends the provision of the Louisiana Medical Malpractice Act that bars the commencement of a suit *747 against a health care provider until an opinion is rendered by the medical review panel is unconstitutional as this violates his right to due process and equal protection. The constitutionality of LSA-R.S. 40:1299.47(A) and (B) has been upheld by the Supreme Court in Everett v. Goldman, 359 So.2d 1256 (La.1978) as being "reasonably related to the guarantee of continued health care for our citizens at reasonable cost." See also: Casho v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir. 1979) and Knepper v. State, Department of Health & Human Resources, 359 So.2d 1127 (La.App. 3rd Cir. 1978).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.