404 So.2d 520 (1981)
Joseph Tallon BUNCH, Individually and on Behalf of the Estate of his Minor Child, Danny Tallon Bunch, and Joanne Gonzalez Bunch, Wife of Joseph Tallon Bunch
v.
MERCY HOSPITAL OF NEW ORLEANS, Continental Insurance Company of America, Dr. Celeste G. Wichser and Chubb Pacific Company.
No. 11620.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1981.
Rehearing Denied October 20, 1981.
Knight, D'Angelo, & Knight, George M. Papale, Gretna, for plaintiffs-appellants.
Donovan & Lawler, James L. Donovan, Kermit Frymire, C. Suzanne Dittmer, Metairie, for defendants-appellees Chubb Pacific Co. and Dr. Celeste G. Wichser.
*521 Christovich & Kearney, W. K. Christovich, New Orleans, for defendants-appellees Sisters of Mercy d/b/a Mercy Hospital of New Orleans, and the Continental Ins. Co.
Before BOUTALL, GARRISON, and KLEIBERT, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing plaintiff's suit on her own behalf and on behalf of her minor son for injuries sustained during the son's birth.[1] Mrs. Bunch sued not only for damages to her minor son but also for damages she incurred during and as a result of the delivery. The minor Danny Tallon Bunch, suffered a brachial plexus injury, resulting in Erbs palsy, permanent nerve damage to the right shoulder and right arm, resulting in limited use of a few muscles of the right arm and paralysis of the other muscles, and a head injury. After a trial by jury, the court dismissed plaintiff's case in compliance with the jury verdict. From that judgment which we reverse, plaintiff appeals.
Mrs. Bunch had undergone a prior breach birth. Her treating physician, Dr. Celeste Wichser, was aware of this and arranged to have a specialist, Dr. Holmes, on hand should complications develop. The mother's physical condition prior to delivery showed several indications that complications were imminent: plus-two edema, pre-eclampsia, and pre-diabetic. Dr. Wichser apparently was aware that a caesarian section was a distinct possibility. In fact, he did decide to perform a C-section, but he waited too long to begin the operation. In the interim, the fetus began to move down the birth canal and into the impacted shoulder position.
The treating physician consulted with an expert OB-GYN, Dr. McCune, prior to ordering the C-section. Dr. McCune testified that a C-section should have been performed immediately and that the treating physician erroneously told Dr. McCune that Mrs. Bunch has been dilated for 20 minutes, when in fact she had been dilated for 40 minutes. Dr. McCune also testified that if Dr. Wichser had consulted him when Mrs. Bunch had been dilated for only 20 minutes, he would have order the C-section immediately at that point.
In light of the evidence presented, we are appalled by the verdict of the jury. In this case, this court has finally encountered one of that rare genus and species: manifestus erroneous. We conclude that the trier of fact, in this case the jury, was manifestly erroneous.
While liability of Dr. Celeste Wichser is clear upon the record, we note that there is scant evidence contained therein on the question of Mercy Hospital's liability. As plaintiff failed to meet the required burden of proof against Mercy, we find that the Sisters of Mercy d/b/a Mercy Hospital and its insurer, Continental Insurance Company are dismissed.
Turning to the issue of damages, we note that Danny Tallon Bunch is permanently disabled with the disability rating of 60%, that he will require medical care for the rest of his life, and that should he undergo future surgery and that surgery be successful, he will probably still have a disability rating of 40%. We also note that he is subjected to cruel treatment and humiliation by other children as a result of his disability. In light of the evidence presented, we find that an award on One Hundred-Twenty Thousand Dollars would be adequate compensation.[2] We note that the policy limits of the insurance issued by Chubb/Pacific Company is One Hundred Thousand Dollars.
For the reasons discussed, the judgment of the district court is reversed and we render judgment as follows:
*522 IT ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of DANNY TALLON BUNCH, minor child of JOANNE GONZALEZ BUNCH, and against the defendants, DR. CELESTE WICHSER and CHUBB/PACIFIC CO., awarding damages in the amount of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, plus legal interest from the date of judicial demand until paid and costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of plaintiff, JOANNE GONZALEZ BUNCH, and against defendant, DR. CELESTE G. WICHSER, awarding damages in the amount of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, plus legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of defendant, Sisters of Mercy d/b/a Mercy Hospital, dismissing plaintiff's suit against this defendant.
REVERSED AND RENDERED.
BOUTALL, J., concurs.
BOUTALL, Judge, concurring.
Although I do not agree with the extent of the majority opinion, I concur with the result.
NOTES
[1] Suit was originally brought by Joseph Tallon Bunch on behalf of his minor son. After suit was filed but prior to trial, Mr. and Mrs. Bunch were divorced. Mrs. Bunch was granted custody and substituted as party plaintiff.
[2] Green v. State through Southwest La. Charity Hospital, 309 So.2d 706 (La.App.), writ denied 313 So.2d 601(La.); Anderson v. Sears Roebuck, 377 F.Supp. 136; Willis v. Everett, 359 So.2d 1080 (La.App.) writ denied 362 So.2d 800 (La.).