444 So.2d 143 (1983)
KARL J. PIZZALOTTO, M.D., LTD.
v.
Dietrich WILSON.
No. 14581.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
W. Luther Wilson, Baton Rouge, for plaintiff-appellee Karl J. Pizzalotto, M.D., Ltd.
Roy Maughan, Baton Rouge, for defendant-appellant Dietrich Wilson.
Before LOTTINGER, PONDER and CRAIN, JJ.
PONDER, Judge.
When this case was previously before us, we affirmed the judgment of the trial court based upon a jury verdict that Dr. Pizzalotto was not responsible in damages for the removal of defendant's reproductive organs. Pizzalotto v. Wilson, 411 So.2d 1150 (La.App. 1st Cir.1983). While the Supreme Court agreed with our conclusion that Dr. Pizzalotto was not guilty of negligence or malpractice, it found he was guilty of battery in that he did not secure his patient's express or implied consent to the removal of her reproductive organs. It remanded the case for the determination of damages resulting from the battery. Pizzalotto v. Wilson, 437 So.2d 859 (La.1983).
For a recitation of the facts we refer to the two written decisions.
Since we find from a preponderance of the evidence that the patient was already sterile,[1] we decline to award damages *144 for the removal of the ability to bear children. Ms. Wilson, however, is due damages for the battery, the removal of her organs without her consent, for the shock of the disclosure to her that her organs had been removed, and for the increment in pain, length of recovery and such elements resulting from the operation performed beyond the laparotomy to which she had consented and which she expected.
We have carefully examined the entire record again and find that an award of $10,000.00 will adequately compensate her for the actual damages she has sustained. This amount will be offset by the $880.00 award to Dr. Pizzalotto in his suit on open account.
For these reasons, judgment is rendered in favor of Ms. Wilson and against Karl J. Pizzalotto, M.D., in the sum of $9,120.00, plus interest and costs.
JUDGMENT RENDERED.
NOTES
[1] Both Dr. Pizzalotto and Dr. Rabalais who assisted at the operation testified unequivocally that Ms. Wilson was sterile. Dr. Jack Holden, a pathologist who examined the removed organs, whose testimony was introduced by Ms. Wilson, testified that chances of pregnancy would be most unusual. Dr. Richard Dickey, Ms. Wilson's expert who never treated her, testified that she would have had a "twenty-five percent, maybe only ten percent" possibility of childbearing after medication and the conservative surgery of burning or cauterizing with electric current to free the adhesions in the organs.