459 So.2d 200 (1984)
Donald J. O'ROURKE, et al., Plaintiffs-Appellees,
v.
Mrs. Pauline Jean CORMIER, et al., Defendants-Appellants.
No. 83-1009.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Rehearing Denied December 13, 1984.
*201 Etta Kay Hearn, Baton Rouge, Fred Smith, Lafayette, for defendants-appellants.
Ronald J. Gossen, Lafayette, for plaintiffs-appellees.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
DOMENGEAUX, Judge.
On March 19, 1971, plaintiffs-appellees, Donald J. O'Rourke and Gerald M. Gossen, entered into two written contracts with Ernest A. Cormier. Litigation developed as a result of both contracts.
The first contract was the sale of a 31.75 acre tract of land by Mr. Cormier to Messrs. O'Rourke and Gossen. The second contract, which is the subject of this appeal, was an option contract for a five year period whereby Messrs. O'Rourke and Gossen obtained the right to purchase a four acre tract of land from Mr. Cormier.[1]

THE OPTION TO PURCHASE CONTRACT
Ernest A. Cormier died on February 13, 1973, almost two years after confection of the aforesaid option to purchase contract. *202 On February 27, 1976, O'Rourke and Gossen notified the Cormier heirs of their desire to exercise the option to purchase the four acres of land. Receiving no response, they filed suit against the Cormiers on March 28, 1979, seeking specific performance on the option contract. Defendants filed a general denial.
Subsequently, the Cormiers, with leave of court, filed a pleading styled "Amended and Supplemental Petition". They sought relief by praying that the option contract be annulled or rescinded, and alleged several grounds in support thereof, to-wit: That no consideration was given for the option contract; that there was a lack of capacity on the part of Mr. Cormier; that there was also a lack of consent on the part of Mr. Cormier in that he was fraudulently induced to contract; and finally that there was a failure to secure Mr. Cormier's wife's signature on the option contract.
The plaintiffs, O'Rourke and Gossen, filed a motion for summary judgment. Hearings were ultimately held and the trial court granted a summary judgment in favor of plaintiffs. Among the various reasons the trial court assigned for its ruling was that the capacity, consent, and consideration arguments propounded as defenses to the option contract had prescribed.
A thorough review of the record reveals that no peremptory exception of prescription was filed on behalf of any party in this appealed suit. The plea of prescription is a peremptory exception and must be specifically pleaded and the plea cannot be supplied by the court. La.C.C.P. Art. 927; Banks v. Rattler, 426 So.2d 362 (La.App. 2nd Cir.1983); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir. 1980); and Gallo v. Sorci, 221 So.2d 570 (La.App. 4th Cir.1969). As there was no peremptory exception of prescription filed, and as the trial court is precluded from supplying the exception of prescription, we find that the trial court was in error in granting summary judgment based upon liberative prescription.
As footnote 1 indicates, Messrs. O'Rourke and Gossen filed a peremptory exception of prescription in the other case which was consolidated with this suit for specific performance. Although the two cases were consolidated, that exception of prescription in the non-appealed case has no bearing upon this appealed specific performance suit. Consolidation of actions pursuant to La.C.C.P. Art. 1561 is a procedural convenience designed to avoid multiplicity of actions and does not cause the case to lose its status as a procedural entity. Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970); and Howard v. HerculesGallion Company, 417 So.2d 508 (La. App. 1st Cir.1982). Procedural or substantive rights peculiar to one case are not rendered applicable to the companion suit by the mere fact of consolidation. Williams v. Scheinuk, 358 So.2d 340 (La.App. 4th Cir.1978); and Howard v. Hercules Gallion Company, supra.
For the above and foregoing reasons, the judgment of the trial court which granted summary judgment in favor of Messrs. O'Rourke and Gossen is reversed, and this case is remanded to the trial court for further proceedings. Appellees are not precluded from filing proper prescriptive or other peremptory exceptions on remand.
Costs to await final determination of this suit.
REVERSED AND REMANDED.
NOTES
[1] Concerning the first contract, i.e., the sale by Cormier to O'Rourke and Gossen of the 31.75 acre tract of land, the heirs of Mr. Cormier (who died in 1973) sued Messrs. O'Rourke and Gossen seeking to have the sale rescinded or annulled. O'Rourke and Gossen filed a peremptory exception of prescription in that suit. Subsequently, the district court consolidated the rescision suit with the suit for specific performance on the option contract which was filed by O'Rourke and Gossen and which, as is shown in the body of this opinion, is the subject of this appeal. In the rescision suit by the Cormier heirs, O'Rourke and Gossen filed a motion for summary judgment which was granted by the district court, declaring the sale valid. That decision has not been appealed by the Cormier heirs.