526 So.2d 446 (1988)
Sharon SWINDELL
v.
Dr. R.C. LLEWELLYN.
No. C-7216.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Robert J. Caluda, New Orleans, for Sharon Swindell.
Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, William S. Penick, Bryan C. Misshore, New Orleans, for Dr. R.C. Llewellyn.
Before GARRISON and BYRNES, JJ., and HUFFT, J. Pro Tem.

ON REMAND FROM THE SUPREME COURT
PRESTON H. HUFFT, Judge Pro Tem.
When this writ was first considered, the record submitted in support of the application did not contain an indication that a peremptory Exception of Prescription had been specially plead by relator. Thus, in accordance with O'Rourke v. Cormier, 459 So.2d 200 (La.App. 3 Cir.1984), we saw no error in the denial of the Motion For Summary Judgment. However, on subsequent reconsideration of the matter, pursuant to a remand by the Louisiana Supreme Court, 512 So.2d 855, it was discovered that the complete record did, in fact, contain a specially plead Exception of Prescription, making O'Rourke inapplicable to the facts of this writ.
During the course of oral argument, it was discovered that the date of August 8, 1982 in plaintiff's petition of July 22, 1985 and plaintiff's opposition to the Motion For Summary Judgment is not the actual date of the medical procedure for which plaintiff seeks recovery. The actual date, as now asserted by all parties, is August 8, 1981. Hence, there is no question as to the present action being filed more than three years after the procedure in question.
Since the parties are in agreement that the action was filed more than three years after the procedure in question, the Court will pretermit the question of whether a Motion For Summary Judgment is an improper substitute for a hearing on an Exception of Prescription and will instead consider the following question:

*447 Does the three year prescriptive period of La.R.S. 9:5628 govern a medical malpractice action arising out of a claim that the physician breached a contract entered into with the patient guaranteeing a favorable result from the procedure?
The Louisiana Supreme Court in Crier v. Whitecloud, 496 So.2d 305 (La.1986) held that the three year limitation on medical malpractice actions set forth in La.R.S. 9:5628 did not violate the clauses of the Louisiana Constitution guaranteeing due process, equal protection, or access to the courts. By its express language, La.R.S. 9:5628 governs an action for damages for injury or death against a physician, whether based on tort, or breach of contract, or otherwise arising out of patient care. By the passage of La.R.S. 9:5628, the Legislature established a new prescriptive period for a breach of a guaranteed result contract between a physician and a patient entered into after September 12, 1975, the effective date of the act. Sciaccia v. Polizzi, 403 So.2d 728 (La.1981) is not controlling in this case as the contract in Sciaccia was entered into prior to September 12, 1975.
Accordingly, the writ is granted. The judgment denying the Motion For Summary Judgment is reversed and set aside and Summary Judgment is granted in favor of the defendant, Dr. R.C. Llewellyn.