674 So.2d 458 (1996)
Mary M. BAHAM
v.
MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS.
No. 95-CA-2605.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
*459 Richard P. Ieyoub, Attorney General, Stan Branton, Bobby Ray Lormand, Jr., Assistant Attorneys General, Baton Rouge, for Defendants/Appellees.
Brigette M. Piattoly, Meraux, for Plaintiff/Appellant.
Before BYRNES, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Plaintiff appeals a district court judgment granting defendants' exception of prematurity and dismissing her petition without prejudice.
Plaintiff's petition alleges that on October 8, 1993 she consulted Doctors W. Scott McDonald and Christopher Babycos at the Medical Center of Louisiana in New Orleans. Plaintiff Baham told them that she wanted cosmetic surgery on her nose and liposuction removal of fatty tissue from under her chin. Baham alleges she was told the surgery would take three and a half hours, would not require an overnight stay in the hospital, and that postoperative recovery time would be minimal. Instead of the side effects and post-operative recovery discussed, she was in surgery for seven and a half hours, stayed overnight in the hospital, could only ingest liquids for 28 days and was prescribed pain medication for several months after the operation. Plaintiff alleges that she only wanted cosmetic nose surgery or rhinoplasty and liposuction under her chin, but instead she received rhinoplasty and a sliding genioplasty. In the sliding genioplasty procedure, her chin was surgically divided, her jaw was broken in two places and metal plates were inserted in her jaw. Although neither party has filed a copy of the consent form into the record, both parties allege that Mary Baham signed a consent form with the language "to fix the nose and chin, possibly place a chin implant."
Plaintiff filed the instant suit alleging acts of medical malpractice including neurological and muscle damage caused by faulty insertion of the metal plates and failure to obtain informed consent as to the side effects of the surgery actually performed. In addition to the medical malpractice action, plaintiff additionally alleged the intentional tort of medical battery in that the defendants performed a completely different operation than that to which she consented.
Plaintiff's petition states in part:
III.
Prior to October 8, 1993, Mary M. Baham came under the care of Doctor W. Scott McDonald and Doctor Christopher Babycos at the Medical Center of Louisiana at New Orleans, from whom she sought medical treatment.
IV.
On or before October 8, 1993, petitioner, Mary M. Baham, informed Doctors McDonald and Babycos that she desired to have cosmetic surgery on her nose and to have fatty tissue from under her chin surgically removed.
V.
Doctors McDonald and Babycos informed petitioner that they could perform such surgery, and they obtained her consent "to fix the nose and chin." Surgery was scheduled for October 8, 1995 at the *460 Medical Center of Louisiana at New Orleans.
VI.
At no time prior to surgery did Doctors McDonald and Babycos inform Mary M. Baham that they intended to perform a surgical reduction or sliding genioplasty on her chin, and at no time prior to surgery did petitioner consent to this particular surgical procedure.
VII.
On October 8, 1993, petitioner, Mary M. Baham, was admitted to the Medical Center of Louisiana in New Orleans for surgery. The surgery took longer than expected, and petitioner was required to remain in the hospital overnight, prior to her being discharged on October 9, 1993.
VIII.
In addition to the rhinoplasty that was performed on her nose, petitioner was also subjected to a sliding genioplasty, whereby her chin was surgically divided and then secured by the insertion of plates.
IX.
As a consequence of the sliding genioplasty and the manner in which it was performed, the plates inserted in petitioner's chin caused injury to her.
X.
The Medical Center of Louisiana at New Orleans, W. Scott McDonald, M.D., and Christopher Babycos, M.D., as well as their agents and employees, deviated from the standard of care in the following particular respects:
(a) Failure to disclose completely to petitioner the type of surgery that was to be performed and its attendant risks;
(b) Failure to obtain petitioner's informed consent to the sliding genioplasty;
(c) Failure to insert the metal plates in such a manner so as not to cause neurological and muscular damage to petitioner; and
(d) Any and all other acts of negligence and breaches of the applicable standard of care as will be shown upon the presentation of the evidence in this matter.
XI.
Defendants are liable to petitioner pursuant to Louisiana Civil Code articles 2315 and 2316 because the sliding genioplasty that they performed on petitioner was undertaken without petitioner's consent and therefore constitutes battery.
XII.
As a direct result of the aforesaid incidents and the fault and/or negligence of the defendants, Mary M. Baham has been caused to suffer severe physical pain and keen mental anguish and to incur the expense of medical treatment, including corrective surgery to remove the plates inserted in her chin as a result of the sliding genioplasty. She is entitled to recover for her pain, suffering and mental anguish, both past and future; for loss of enjoyment of life; for disability; for her medical bills, both past and future, and for any impairment of her earning capacity. Accordingly, petitioner prays for recovery of all damages as are reasonable under the premises. Petitioner's claims exceed the requisite amount for this court's subject-matter jurisdiction.
Defendants countered with an exception of prematurity alleging that defendants are qualified health care providers under the Medical Malpractice Act, LSA-R.S. 40:1299.39.1 and plaintiff had failed to submit her claims to a Medical Review Panel before filing suit. The trial court granted the exception of prematurity and dismissed plaintiff's suit without prejudice. No written reasons for judgment were provided. Plaintiff has submitted the medical malpractice claims to the Medical Review Panel which has not yet convened, but appeals the trial court's dismissal of the intentional tort of medical battery.
*461 The jurisprudence has generally developed thusly:
1. Where a patient consents to a procedure and the health care provider botches the procedure, that is medical malpractice. See: Bunch v. Mercy Hospital of New Orleans, 404 So.2d 520 (La.App. 4 Cir.1981) writ denied 407 So.2d 750 (La.1981).
2. Where a patient consents to a specific procedure and then suffers a risk or side effect of that procedure and the health care provider failed to fully inform the patient about the risk or side effect, then that is medical malpractice. See: Hondroulis v. Schuhmacher, 553 So.2d 398 (La.1988) appeal after remand 612 So.2d 859 (La.App. 4 Cir.1992) writ not considered 615 So.2d 335 (La.1993).
3. Where the patient consents to operation A and the health care provider instead performs operation B, that is not medical malpractice, but is rather the intentional tort of medical battery and is not covered by the Medical Malpractice Act. See: Pizzalotto v. Wilson, 437 So.2d 859 (La.1983) [on remand 444 So.2d 143 (La.App. 1 Cir. 1983)] citing Carroll v. Chapman, 139 So.2d 61 (La.App. 2 Cir.1962) and Rogers v. Lumbermens Mutual Casualty Co., 119 So.2d 649 (La.App. 2 Cir. 1960).
Defendants' Exception of Prematurity states:
1.
Pursuant to the provisions of L.S.A.-R.S. 40:1299.39.1, et seq., the State of Louisiana through the Medical Center of Louisiana at New Orleans, W. Scott McDonald, M.D. and Chris Babycos, M.D., are State health care providers and any medical malpractice claims against them must be brought before a Medical Review Panel as set forth in LSA-R.S. 40:1299.39.1, before suit may be commenced in this Honorable Court.
2.
Plaintiffs' suit alleges medical malpractice by this health care provider.
3.
Plaintiffs' petition fails to allege that the sued upon medical malpractice claims has previously been presented and considered by a Medical Review Panel. Plaintiffs' complaint is, therefore, premature and this Honorable Court lacks jurisdiction over the subject matter of the action until such time as the provisions of LSA-R.S. 40:1299.1 are met. The petition should therefore be dismissed.
4.
Attached hereto and incorporated herein by reference is a copy of a certificate [of Qualification As A Health Care Provider issued by the Commissioner of Administration] in support of these exceptions.
Code of Civil Procedure Article 925 provides that the exception of prematurity is a dilatory exception. C.C.P. Article 929(A.) provides that the dilatory exception (of prematurity) "shall be tried and decided in advance of the trial of the case.[1]" and C.C.P. Article 930 sets forth the guidelines for trial on the dilatory exception:
On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded when the grounds thereof do not appear from the petition.
In Brown v. Red River Parish, 469 So.2d 1110, 1115 (La.App. 2 Cir.1985) appeal after remand 488 So.2d 1132 (La.App. 2 Cir. 1986), the court noted "... evidence is always admissible on the trial of a dilatory exception.[2] (citation omitted)". In Pyburn v. Walle Corp., 454 So.2d 1128 (La.App. 4 Cir.1984) this court, citing C.C.P. Art. 930, stated:
In the case now before us, the trial judge heard no sworn, live testimony, and did not formally admit any documents into evidence in support of defendant's exception. *462 When the objectionable affidavit and the attached copy of the subordination agreement are eliminated, there remains no substantial evidence upon which to maintain the exception of prematurity. Serious questions in this case concerning contract interpretation and parol evidence can only be decided at a proper evidentiary hearing.
On appeal, plaintiff cited the case of Dugas v. New York Casualty Company, 181 La. 322, 159 So. 572 (La.1935), for the proposition that in evaluating an exception of prematurity, the facts stated in plaintiff's petition are assumed to be true by the trial court. The Dugas case was decided under the old Code of Practice of 1870, which was superseded by the new Code of Civil Procedure in 1960 and the new C.C.P. art. 930 provides for trial.
In the case of a dilatory exception of prematurity, the burden is on the moving party to prove his exception. While the malpractice proceedings are premature upon the face of the petition, which does not state that the matter had been submitted to a medical review panel, the intentional tort of medical battery does not appear premature upon the face of the petition because it is not required to be submitted to a medical review panel. Accordingly, the burden was upon the moving party to provide proof at an evidentiary hearing to support his exception. No evidence was introduced on this issue, thus the trial court incorrectly granted the exception of prematurity as it is not based upon an evidentiary hearing.
Plaintiff's intentional tort medical battery action was correctly filed in district court[3] and need not be submitted to a malpractice panel. Accordingly, the trial court correctly dismissed without prejudice the medical malpractice action as premature, but should not have dismissed the intentional tort medical battery action.
For the reasons discussed, the judgment of the district court is affirmed in part and reversed in part and the intentional tort action is remanded to the district court for further proceedings as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Exception of Prematurity be and hereby is maintained on the action and allegations of medical malpractice, dismissing the State of Louisiana through Medical Center of Louisiana at New Orleans, W. Scott McDonald, M.D. and Chris Babycos, M.D. from these proceedings at plaintiffs costs without prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception of Prematurity be and hereby is dismissed on the action of the intentional tort of medical battery and the matter is remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART & REMANDED.
BYRNES, J., concurs with reasons.
LANDRIEU, J., concurs in the result.
BYRNES, Judge, concurring with reasons.
I respectfully concur.
I agree with the result but arrive there by a different route. Plaintiff alleges that an operation was performed on her to which she did not consent, thereby stating a cause of action for medical battery. We must accept those facts as alleged until proven otherwise at a trial on the merits or by uncontradicted affidavits, depositions, etc. on a motion for summary judgment.
Whether it is permissible to bring an action for medical battery prior to submitting it *463 to a Medical Review Panel is a question of lawa question we resolve in favor of the plaintiff at this stage of the proceedings. As a question of law it is insusceptible of resolution through an evidentiary hearing on the Exception of Prematurity. Whether the consent admitted to by the plaintiff in her petition was broad enough to cover an operation to which she says she did not consent or whether there is further proof of consent go to the merits of the claim and may not be raised by means of the dilatory exception of prematurity.
As the grounds to controvert the exception of prematurity, i.e., the allegation of medical battery, "appear from the petition" it was error for the trial court to grant the exception, but it was not error to fail to take evidence. LSA-C.C.P. art. 930.
LANDRIEU, J., concurs in the result.
NOTES
[1] Quoting the period contained in the original C.C.P. Article 929(A.).
[2] Quoting the period contained in the original opinion.
[3] At oral argument the court expressed concern that the plaintiff is not suffering irreparable injury because the exception is granted without prejudice such that plaintiff can file her medical battery action again after the Medical Malpractice Panel rules on the medical malpractice portion of the action. If plaintiff's medical battery case is in tort, then it has a one year prescriptive period which is not interrupted by the time that it is pending before the Medical Malpractice Panel. Plaintiff's medical battery action is timely filed on October 4, 1994 by four days. If plaintiff attempts to file the battery action again after the Medical Malpractice Panel ruling, the action is prescribed. The prescription of the suit is the irreparable harm suffered by the plaintiff if the trial court's dismissal of the medical battery is allowed to stand.