714 So.2d 56 (1998)
In re MEDICAL REVIEW PANEL for the Claim of James B. LARCHE and Bonnie Larche.
Bonnie Larche wife of/and James Brian LARCHE
v.
Dr. Raoul RODRIGUEZ and Tulane University Medical Center.
Nos. 97-CA-2397, 97-CA-2398.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1998.
Stephen P. Bruno, Bruno & Bruno, New Orleans, for Appellants Bonnie Larche, Wife of/and James Brian Larche.
Stewart E. Niles, Jr., Amy M. Winters, Jones, Walker, Waechter, Poitevent, Carrere *57 & Denegre, L.L.P., New Orleans, for Appellees Dr. Raoul Rodriguez and the Administrators of The Tulane Educational Fund d/b/a Tulane University Medical Center.
Before KLEES, LOBRANO and CIACCIO, JJ.
KLEES, Judge.
Plaintiffs appeal a judgment of the trial court granting defendants' exceptions of prematurity and no cause and/or right of action. The principal issue before this Court is whether plaintiff's claims against his physician for failure to provide adequate informed consent must be submitted to a medical review panel prior to commencement of a civil action.

Facts
In December of 1994, plaintiff James B. Larche, underwent surgery to correct a congenital deformity of his metatarsal bones in his left foot. The surgery was performed at Tulane University Medical Center by Dr. Raoul Rodriguez, an orthopedic surgeon. Both Dr. Rodriguez and Tulane are qualified health care providers under the provisions of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq, ("MMA").
Larche was dissatisfied with the results of the surgery, and on June 19, 1995, Larche and his wife instituted a complaint against Dr. Rodriguez and Tulane pursuant to the provisions of the MMA. In this malpractice claim, Larche contended that Dr. Rodriguez performed an unnecessary triple arthrodesis on his foot, although Larche claimed he specifically informed the physician that he did not want a triple arthrodesis and although his medical condition only required a bone graph or fixation.
On October 11, 1996, prior to the rendition of an opinion by the medical review panel in the malpractice claim, Mr. and Mrs. Larche filed the present civil action, naming as defendants Dr. Raoul Rodriguez and Tulane University Medical Center. This claim is not one of negligence or malpractice, but one of medical battery.
Plaintiffs' petition, entitled "Petition for Damages for Intentional Tort," states in part:
III.
That James Larche was referred to DR. RODRIGUEZ, an orthopaedic surgeon by Dr. George Sanchez for the purpose of seeking medical treatment on his left foot and specifically the fifth metatarsal bone, which had been fractured a number of times.
* * * * * *
V.
Dr. Rodriguez examined Mr. Larche and noted the possibility of a metatarsus varus deformity of the left foot with no significant abnormality in the hind foot with the heel being in the neutral position and not in varus and recommended surgery in the forefoot.
VI.
The written consent presented to Mr. Larche was explained to involve surgery on his forefoot to straighten his varus deformity.
VII.
That without an emergency that threatened either the plaintiff's life or health DR. RODRIGUEZ and the staff of TULANE committed a battery upon Mr. Larche's person when he and his operative assistant, Dr. Buckley, performed an unconsented to triple arthrodesis.
Defendants responded to this petition with Exceptions of Prematurity, No Cause and/or No Right of Action, or alternatively, Exception of Prescription. By judgment rendered April 7, 1997, the trial court maintained defendants' exceptions of prematurity and no cause and/or no right of action, dismissing plaintiffs' intentional tort suit against defendants. It is from this judgment that plaintiffs now appeal. Defendants answer the appeal seeking damages in the form of costs and attorney's fees for the filing of a frivolous appeal pursuant to La.Code of Civ. Proc. art. 2164.

*58 Discussion

By their appeal, plaintiffs contend that the trial court committed reversible error in granting defendants' exceptions of prematurity and no cause and/or right of action. In the present case, plaintiffs concede in their petition that Larche gave Dr. Rodriguez consent to perform surgery "on his forefoot to straighten his varus deformity." However, plaintiffs contend that Larche did not give consent for a triple arthrodesis, which was performed by Dr. Rodriguez. Therefore, plaintiffs contend that they have a claim for the intentional tort of medical battery, which is not governed by the provisions of the MMA.
In support of their position, plaintiffs rely on a decision of a panel of this Court, Baham v. Medical Center of Louisiana at New Orleans, 95-2605, (La.App. 4 Cir. 5/8/96), 674 So.2d 458. In Baham, the Court distinguished medical battery from medical malpractice as follows:
Where the patient consents to operation A and the health care provider instead performs operation B, that is not medical malpractice, but is rather the intentional tort of medical battery and is not covered by the Medical Malpractice Act. Pizzalotto v. Wilson, 437 So.2d 859 (La.1983).
In Karl J. Pizzalotto, M.D., Ltd. v. Wilson, 437 So.2d 859 (La.1983), the Supreme Court held that the absence of consent on the part of the patient to a surgical procedure, except in the case of an emergency, constitutes a battery. The court in Pizzalotto concluded that the physician in that case had failed to obtain consent of the patient for the surgical procedure performed, and although the record failed to support a finding of negligence or malpractice on the part of the physician, the patient was nevertheless entitled to recover damages on the basis of the battery committed.
We recognize that liability in the Pizzalotto case and subsequently in the Baham case was based on commission of a "battery" because the doctor did not obtain adequate consent from the patient for the procedures performed. However, the Pizzalotto decision on which this Court based its decision in Baham was rendered prior to the 1990 amendments to the Uniform Consent Law, LSA-R.S. 40:1299.40, which state the theory of recovery in lack of informed consent cases. Further, these decisions have been called into question by the recent decision of Lugenbuhl v. Dowling, 96-1575 (La.10/10/97), 701 So.2d 447, wherein the Supreme Court clarified the use of the term "battery" in the Pizzalotto case.
The Lugenbuhl case involved an action for medical malpractice in which a jury verdict was rendered against the physician based on both medical malpractice and failure to obtain informed consent. The court of appeal affirmed the jury verdict, and the Supreme Court granted certiorari "to review the significant informed consent issue, as well as the related causation issue."
The Supreme Court initially expounded on the history of and the requirement for consent to medical treatment and the early jurisprudence regarding this issue. Pertinent to the issues raised in the case before us, the Court further stated:
While the early development of liability for failing to obtain informed consent was based on concepts of battery or unconsented touching, the imposition of liability in later cases has been based on breach of a duty imposed on the doctor to disclose material information in obtaining consent. Such a breach of duty by the doctor results in liability based on negligence or other fault. While perhaps the performance of a medical procedure without obtaining any kind of consent, in the absence of an emergency, technically constitutes a battery, liability issues involving inadequate consent are more appropriately analyzed under negligence or other fault concepts.
(Citations omitted.)
The court in Lugenbuhl further noted that the Louisiana Legislature has specified the theory of recovery in lack of informed consent claims as properly based on traditional fault theories, in an apparent attempt to bring such claims under the Medical Malpractice Act. By La. Acts 1990, No. 1093, the Legislature amended LSA-R.S. 40:1299.40, the Uniform Consent Law, to add Subsection E, which became effective on July 31, 1990.
*59 The Lugenbuhl court cited to Subsection 1299.40 E(2)(a) of that statute, which provides:
In a suit against a physician or other health care provider involving a health care liability or medical malpractice claim which is based on the failure of the physician or other health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or other health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

(Emphasis added by Supreme Court)
The court in Lugenbuhl concluded:
We therefore reject battery-based liability in lack of informed consent cases (which include no-consent cases) in favor of liability based on breach of the doctor's duty to provide the patient with material information concerning the medical procedure.
Other Louisiana courts have also rejected the battery-based liability in lack of informed consent cases. In Percle v. St. Paul Fire & Marine Ins. Co., 349 So.2d 1289 (La.App. 1st Cir.) writs denied, 350 So.2d 1218 (La.1977), the plaintiff contended his lack of informed consent rendered the physician liable as having committed a battery on plaintiff's person, irrespective of negligence. However, the court in Percle rejected that claim, and, relying on the reasoning of a decision from a Wisconsin court, treated the lack of informed consent as negligence, rather than battery.
The decision in Percle was followed by the Third Circuit in Hodge v. Lafayette General Hospital, 399 So.2d 744 (La.App. 3rd Cir. 1981). In Hodge, which is a case factually similar to the case before us, plaintiff brought a civil action for lack of informed consent against his physician prior to submitting his claim to a medical review panel. The trial court granted the physician's exception of prematurity, and the appellate court affirmed, holding that lack of informed consent is unintentional negligence, not an intentional tort, and therefore is covered by the Louisiana Medical Malpractice Act.
The Supreme Court's decision in the Lugenbuhl case is the most recent pronouncement of the law on the theory of liability in lack of informed consent cases. In that decision, the Supreme Court soundly rejected battery-based liability in these cases, and held that such liability is based on a breach of the doctor's duty to provide his patient with material information concerning the medical procedure to be performed. Further, by the 1990 amendments to LSA-R.S. 40:1299.40, the Legislature has stated that the only theory of recovery for failing to disclose material risks to a patient is that of negligence.
Based on the recent holding of the Louisiana Supreme Court in Lugenbuhl and on the pertinent statutory provisions governing consent to medical treatment, we find that plaintiffs' claim against his physician for failure to provide adequate informed consent is based on negligence principles and falls within the definition of malpractice. LSA-R.S. 40:1299.41 A(8). The allegations of plaintiffs' suit do not state a cause of action against Dr. Rodriguez for the intentional tort of battery. Rather, plaintiffs' claims are governed by the provisions of the Medical Malpractice Act, and plaintiffs were therefore required to submit their claim to a medical review panel prior to a commencement of a civil suit. LSA-R.S. 40:1299.47 B(1)(a)(i). Although the record reveals that plaintiffs submitted their claim to a medical review panel prior to the institution of this suit, at the time of the hearing on defendants' exceptions, no opinion had been rendered by the panel and this suit was therefore premature.
Accordingly, for the reasons stated herein, we conclude that the trial court did not err in granting defendants' exceptions of prematurity and no cause of action. The judgment of the trial court dismissing plaintiffs' petition for damages for intentional tort is affirmed. Finally, we fail to find plaintiffs' appeal to be frivolous, and we therefore reject defendants' claims for damages based on La.Code of Civ. Proc. art. 2164.
AFFIRMED.