415 So.2d 425 (1982)
Stanley C. GOBBLE, Individually and as Natural Tutor for the Minor, Beth E. Gobble, James Gobble, Vicky Gobble, Sheila Gobble Mankopf and Diane Gobble Traylor
v.
BATON ROUGE HOSPITAL and Roderick P. Perron.
No. 14790.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Russell L. Dornier, Baton Rouge, for plaintiffs-appellants Stanley C. Gobble, Individually and as Natural Tutor for the Minor, Beth E. Gobble, James Gobble, Vicky Gobble and Sheila Gobble Mankopf.
George K. Anding, Jr., Baton Rouge, for defendant-appellee Baton Rouge General Hospital.
Frank W. Middleton, Jr., Baton Rouge, for defendant-appellee Roderick P. Perron.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
This negligence action against a hospital and a physician arises from the doctor's alleged failure to diagnose pneumonia. The patient, a woman, sought emergency room treatment for difficulty in breathing. She was prescribed drugs for hyperventilation and was released. She died at her home the next morning. Because the case has never been put before a medical review panel as required by Louisiana's Medical Malpractice Act L.S.A.-R.S. 40:1299.41 et seq., it was dismissed without prejudice on a dilatory exception of prematurity by the trial court.
On appeal, it is claimed (1) that the Medical Malpractice Act applies only to claims for injuries not resulting in death, and (2) that the act applies only to claims brought by the victim himself or by someone acting in his place. Each claim requires brief discussion.
As to claim No. 1, we hold that the Malpractice Act applies to all claims alleging medical malpractice. R.S. 40:1299.47 provides that "All malpractice claims" against defendants covered by the act, except those submitted to arbitration by consent of the parties "shall be reviewed by a medical review panel". The argument that "all malpractice claims" does not really mean "all malpractice claims" has been sifted from the definitional section of the act.
R.S. 40:1299.41(A)(8) defines "malpractice" as, among other things not here relevant, a tort.
*426 R.S. 40:1299.41(A)(7) defines "tort" as a breach of duty resulting in "injury or damage". The argument presented here is that since, in other parts of this statute, the words "bodily injury or death" are used, exclusion of the word "death" and use of the words "injury or damage" instead in the special statutory definition of tort reflects an intent that death claims not be considered to be "torts" under the statute and thus not "malpractice" either. This conclusion, based on a highly strained chain of inferences is completely contradicted by the language of R.S. 40:1299.41(E) which speaks of the rights of a patient having a claim "for bodily injury or death on account of malpractice", clearly showing that the legislature intended "malpractice" to encompass death claims.
As to claim No. 2, we hold that the Medical Malpractice Act applies to all persons alleging medical malpractice. Plaintiffs in this suit are bringing their action in two capacities. First, they are suing as the representatives of the deceased, to recover damages due her. Second, they are suing in their own behalf to recover damages caused to them by the loss of their wife and mother. They argue here that even if the Malpractice Act be construed to apply to their first claim, their second is free of it since R.S. 40:1299.41(E) restricts coverage of the act to claims brought by "a patient or his representative". The short answer to this argument is that R.S. 40:1299.41(E) does not so restrict coverage of the act. The statutory language in question merely states that, subject to the terms of the Act "a patient or his representative ... may file a claim in any court of law having requisite jurisdiction".
This would have been true whether stated or not and may have been inserted by the legislature just to reassure those who feared the effect of the statute would be to cut off access to the courts to persons with medical malpractice claims. Whatever the reason for it, it is not restrictive by its terms and does not change in any way the effect of 40:1299.47, already quoted, which states that "all malpractice claims" must go before a review panel. We hold that "all malpractice claims" includes death claims as well as claims for lesser injuries, and includes claims brought by third parties in their own behalf as well as those brought in a representative capacity.
We note in passing, that though the specific issues addressed here have apparently never been before raised, courts of our state have routinely disposed of wrongful death cases under the provisions of the Medical Malpractice Act. See, for example, Travasos v. New Orleans Metairie Hospital, 381 So.2d 877 (La.App. 4th Cir. 1980); Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir. 1979); all cited in the brief of the appellee.
Additionally, our disposition here accords with the practice of our courts in applying the provisions of the act freely to the whole range of medical-related claims. We hold to the views expressed by Judge Ponder in the recent case of Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir. 1979) where we held "based upon our understanding of the legislative intent, that any conduct complained of should be handled under the procedure of the Act if it can reasonably be said that it comes within the definitions of the Act ..." at 185.
The decision of the trial court is affirmed.
Appellant is to pay all costs.
AFFIRMED.