501 So.2d 1075 (1987)
Billy Ray THOMAS, Plaintiff-Appellee,
v.
LeJEUNE, INCORPORATED, Defendant-Appellant.
No. 18396-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*1076 Hicks & Bookter by S. Maurice Hicks, Jr., Shreveport, for defendant-appellant, LeJeune, Inc.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for third party defendant-appellee, Schumpert Medical Center.
Cook, Yancey, King & Galloway by Sidney E. Cook, Shreveport, for third party defendant-appellee, Dr. Harold R. Bicknell.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Thomas filed suit against LeJeune, Inc., alleging that while the patron of a nightclub in Shreveport owned by defendant, plaintiff stepped on a foreign object on the floor and fell, fracturing his ankle. LeJeune, Inc. answered, asserting that the sole cause of the accident was plaintiff's intoxication or, alternatively, that it was due to other reasons not attributable to defendant. Further, if defendant was deemed negligent, any award should be reduced in accordance with comparative negligence principles.
LeJeune, Inc. subsequently filed a third party demand against Dr. Bicknell and Schumpert Medical Center seeking indemnification and, in the alternative, contribution. It was contended that, in the event of the finding of liability on the part of LeJeune, Inc., the third party defendants should be held accountable for the damages arising out of their treatment and postoperative care given Thomas.
By way of elaboration, the third party demand alleged that Thomas was examined and treated by Dr. Bicknell at Schumpert Medical Center for a compound, comminuted fracture of the right tibia and fibula; that Dr. Bicknell performed surgery to debride the wound and reduced the fractures with application of a long-leg cast and packing of the wound; that additional surgery was performed in which Dr. Bicknell again debrided and irrigated the wound, applied a Hoffman External Fixation Device, repacked the wound and X-rayed the fracture sites. It was then alleged that Thomas subsequently developed progressive generalized weakness throughout his body and was diagnosed as having Guillain-Barré syndrome; tested positive for serum hepatitis and acute infectious hepatitis; and developed hypoproteinemia after a jugular catherizatation and a tracheostomy.
Both third party defendants filed exceptions of prematurity, based on La.R.S. 40:1299.47 B(1)(a)(i), which provides:
No action against a health care provider... may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel....
The trial court rendered judgment sustaining the exceptions of prematurity, and LeJeune, Inc., appealed. For the reasons hereinafter explained, we affirm.
It is recognized that, as a general rule under the cited statute, no action against a health care provider may be commenced in any court before the claimant's complaint has been presented to a medical review panel. DeRouen v. Kolb, 397 So.2d 791 (La.1981). Appellant contends, however, *1077 that the informal screening procedure by a medical review panel mandated by the Medical Malpractice Act only applies when the patient or claimant, or a representative of a patient or claimant, files suit against a health care provider. Here, of course, the party plaintiff, LeJeune, Inc., is not a patient of the third party defendants.
Consequently, the sole issue on appeal in this case is whether a non-patient, non-representative of the patient, claiming contribution or indemnity for substandard medical care against qualified health care providers, must utilize the medical review panel procedures prescribed by the Medical Malpractice Act prior to litigation of its claim.
An argument similar to that of the appellant was considered by the court in Gobble v. Baton Rouge Hospital, 415 So.2d 425 (La.App. 1st Cir.1982). There, a suit was instituted by the surviving spouse and children of a deceased patient. The contention was made that the Medical Malpractice Act restricts coverage of the statute to claims brought by a patient or his representative, and not to plaintiffs such as these. The court rejected this argument, holding that the Medical Malpractice Act applies to all claims alleging medical malpractice and to all persons alleging medical malpractice. Also see Wyble v. St. Luke General Hospital, 415 So.2d 622 (La.App. 3d Cir.1982); Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir.1979).
Acceptance of LeJeune's argument would place a non-patient claimant in a medical malpractice action in a more favorable position than a patient claimant.
We subscribe to the holding of the cases cited above, concluding that all claims against health care providers for malpractice must first go through the Medical Malpractice Act procedure, regardless of whether the claimant is a patient or a non-patient. Therefore, in this case the judgment of the trial court sustaining the exceptions of prematurity and dismissing the third party demand is affirmed, at appellant's cost.