FOGG, Judge.
In this tort action, the defendant physician appeals the denial of a dilatory exception raising the objection of prematurity based on the contention that, pursuant to the Louisiana Medical Malpractice Act (LMMA), the claim was required to be submitted to a Medical Review Panel prior to being filed in district court. We affirm.
Nelita M. Hutchinson filed a petition for damages in the Nineteenth Judicial District Court on November 18,1991, alleging the Dr. Navin Patel and Parkland Hospital (Parkland), breached the duty owed to warn or to take other reasonable precautions to protect her from the violent behavior of her husband. Dr. Patel filed a dilatory exception raising the objection of prematurity, seeking to have the district court action dismissed as premature on the grounds that LMMA required that the claim be submitted to a Medical Review Panel prior to being filed in district court. The trial court denied the exception, finding the claim asserted in the petition did not fall under LMMA.
Dr. Patel appeals that judgment, contending a claim alleging that a psychiatrist or psychologist breached the duty to warn a third person or take reasonable precautions to protect a third person against a threat of violent behavior by a patient is a claim for malpractice. La.R.S. 40:1299.41 A(8) defines malpractice as follows:
‘Malpractice’ means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient. (Emphasis added)
Under the statute, the tort must be based on health care or professional services that were rendered or should have been rendered to a patient. The instant case makes the assertion that a psychiatrist breached a duty to warn a third person or take reasonable precautions to protect a third person against a threat of violent behavior by a patient. This assertion does not involve the medical care or treatment of a patient. Therefore, is not a claim for malpractice under the LMMA. The trial court correctly denied Dr. Patel’s dilatory exception raising the objection of prematurity.
*370 For the foregoing reasons, the judgment of the trial court is affirmed. Navin P. Patel is cast for the cost of this appeal.
AFFIRMED.