h MARVIN, Chief Judgé.
In this damage action for personal injuries suffered by plaintiff Gerald Jones in a collision in rural - Franklin Parish between Jones’s horse and buggy and a van driven by defendant William Seriber that was allegedly caused by Scriber’s poor eyesight, we affirm a judgment overruling an exception of prematurity filed by Scriber’s ophthalmologist, *906 Dr. Perry, after Jones joined the doctor as a defendant without having submitted his claim against Dr. Perry to a medical review panel.[1]
DISCUSSION
Jones alleged that Dr. Perry negligently certified to the State Office of Motor Vehicles that Scriber’s corrected vision was sufficient for him to safely operate a vehicle in the daytime, breaching her duty “to the State and to all persons occupying the [state] high-' ways” to accurately assess Scriber’s visual acuity. The breach of this duty was alleged to be a contributing cause of the accident and of Jones’s injuries.
Dr. Perry’s patient, Scriber, has not asserted in this record that he was injured in the accident or sought contribution or indemnification from Dr. Perry for any damages Jones may recover from Scriber.
In her exception, Dr. Perry urged that Jones’s claim against her was essentially one for medical malpractice or professional negligence and could not be asserted in court without having first been submitted to a medical review panel as required by the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq.
Citing Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415, Jones argued and the trial court agreed that the Act applies “exclusively to claims arising from injuries to or death of a 'patient,” whether those claims are brought by the |2patients themselves, by their representatives on the patient’s behalf, or by “other persons with claims arising from injuries to or death of a patient. ” 93-2156 pp. 1,18; 637 So.2d at 418, 428. Our emphasis. Expressly disagreeing with this court’s implicit finding in Thomas v. LeJeune, Inc., 501 So.2d 1075 (La.App. 2d Cir.1987), that it would be anomalous or unreasonable to treat non-patient claimants more favorably than patient claimants with respect to the review panel requirement, the supreme court concluded that “non-patient malpractice claimants must be either representatives of patients acting on the patient’s behalf, or other persons with claims arising from injuries to or death of a patient” in order for the non-patient claim to be covered by the Act. Hutchinson, n. 15 and accompanying text at pp. 14-15, 637 So.2d at 426. The court interpreted the Act to exclude “non-patient claims which do not arise from injuries to or death of a patient.” Id. at p. 15, 637 So.2d at 426.
The “failure to warn” claim against the psychiatrist in Hutchinson arose from injuries inflicted by the patient on his wife, a non-patient, and was found to be excluded from coverage under the Act “because [it] does not arise from injury to or death of a patient.” Id. at p. 18, 637 So.2d at 428. The non-patient claim in Thomas, supra, arose from injuries to a patient and would be governed by the Act even under the reasoning in Hutchinson.
Jones’s claim against Dr. Perry is a non-patient claim which does not arise from injuries to or death of Dr. Perry’s patient, Scri-ber. On the authority of Hutchinson, supra, the doctor’s exception of prematurity was properly overruled.
DECREE
At Dr. Perry’s cost, the judgment overruling the exception of prematurity is AFFIRMED.

. A judgment requiring a health care provider to forego the benefit of a medical review panel is an appealable interlocutory judgment. Fincher v. State, Dept. of Health & Hosp., 29,640 (La.App.2d Cir. 4/2/97), 691 So.2d 844.