1KLEES, Judge.
Plaintiff/appellant Joyce Barnes (“Plaintiff’) filed this lawsuit individually and on behalf of her interdicted daughter, Kim Barnes, against defendants/ appellees Dr. Lyda Harandi and the Metropolitan Development Center, a/k/a/ The Belle Chasse School (collectively referred to as “Defendants”). Plaintiff alleges that Dr. Harandi committed a battery upon Kim Barnes by performing a total dental extraction of her teeth without permission. The Defendants filed an Exception of Prematurity and Lack of Subject Matter on the basis that the Plaintiff failed to convene a medical review panel to consider the charges of medical malpractice. The trial judge signed a judgment granting Defendants’ Exception and dismissed Plaintiffs lawsuit. Plaintiff filed a devolutive appeal from this final judgment.
FACTS:
Kim Barnes (“Kim”), a thirty-seven-year-old woman, suffers from severe mental retardation.[1] The Metropolitan Development Center referred Kim to Charity Hospital for a dental examination to be carried out under general anesthesia.
bPrior to the examination, Plaintiff, as Tu-trix, signed an informed consent release. Plaintiff alleges that the whole procedure was held out to her as a routine dental exam for her retarded daughter and that nothing out of the ordinary was expected to occur other than the possibility of removing a tooth or two.
However, during the course of the dental exam, Dr. Harandi allegedly encountered significant problems with Kim’s teeth and performed a full mouth tooth extraction. The full mouth tooth extraction consisted of having the gums cut open, all of the teeth pulled, and the bones of the upper and lower jaw grounded down and curetted. Consequently, *532 Kim must now exist on liquids and non-solid foods.[2]
PROCEDURAL HISTORY:
On January 3, 1996, Plaintiff filed suit against Defendants alleging medical malpractice and/or negligence for the total tooth extraction. Specifically, Plaintiff alleges that Defendants were negligent in assisting Kim in proper dental hygiene, that the total tooth extraction constituted medical malpractice and/or negligence, and that the procedure was undertaken without obtaining appropriate informed consent. Thereafter, on January 24, 1997, Defendants filed an Exception of Prematurity and Lack of Subject Matter Jurisdiction stating that Plaintiff failed to convene a medical review panel to consider the charges of medical malpractice.
On March 14,1997, Plaintiff filed a Supplemental and Amended Petition alleging that the total dental extraction of the teeth constitutes a battery upon the person of Kim Barnes. On March 17, 1997, Defendants filed a motion to strike Plaintiff’s Supplemental Petition.
bOn March 18, 1997, the trial judge signed a judgment granting Defendants’ Exception of Prematurity and dismissed the suit of Joyce Barnes and Kim Barnes against both Dr. Harandi and the Metropolitan Development Center.
On April 17, 1997, the trial judge granted an order of appeal for the judgment rendered on March 18, 1997 — the judgment granting Defendants’ Exception of Prematurity.
Subsequently, on May 21, 1997, the trial judge signed a judgment dismissing Plaintiff’s Supplemental Petition ■ alleging battery.
On December 22, 1997, the trial judge signed a corrected judgment granting Defendants’ Exception of Prematurity — the original judgment was signed on March 18, 1997. Again, on January 19, 1998, Plaintiff filed a notice of intent to appeal the corrected judgment of December 22,1997.

DISCUSSION:

Before addressing the issue of whether or not the allegations of battery contained in the Supplemental and Amending Petition against the Defendants should be submitted to a Medical Review Panel, we will first consider Defendants’ argument that the Plaintiff has abandoned her appeal.
An appeal is taken by obtaining an order from the court which rendered the judgment. C.C.P. Art. 2121. Once an order of appeal has been granted, the clerk of the trial court sends notice to the appellant of the estimated costs required by the appellate court. C.C.P. Art. 2126. The statute further provides that if the appellant fails to pay the costs within the time specified, the trial judge after a hearing shall either: (1) dismiss the appeal on grounds of abandonment or (2) grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned. C.C.P. Art. 2126(E). If the appellant pays the costs, “the appeal may not be dismissed because of the passage of the return day without an ^extension being obtained or because of an untimely lodging of the record on appeal.” C.C.P. Art. 2126(F).
First, when the trial judge dismissed Plaintiffs suit on March 18, 1997, we find that the dismissal included the March 14 th Supplemental and Amended Petition alleging battery. Thus, the order dismissing Plaintiffs Supplemental Petition on May 21, 1997 was. redundant for the case had already been dismissed. Second, the trial judge signed an order of appeal on April 17, 1997. Neither the trial judge nor any other party requested a hearing for the dismissal of the appeal for the failure to timely pay the costs. Accordingly, we find that Plaintiff did not abandon her appeal from the judgment on March 18, 1997 and that both the original and supplemental petitions are before this court.
Thus, the principal issue before this court is whether Plaintiffs claims against defendant Dr. Harandi for failure to provide informed consent/battery must be submitted to a medical review panel prior to commencement of a civil action.
This court recently addressed the issue of recovery in lack of informed consent claims in In re Medical Review Panel for Claim of *533 Larche, 97-2397 (La.App. 4 Cir. 4/15/98), 714 So.2d 56. There, plaintiff underwent surgery to correct a congenital deformity of his metatarsal bones in his left foot. Plaintiff was dissatisfied with the results of the surgery and instituted a malpractice claim against the physician. Plaintiff contended that the physician performed an unnecessary triple ar-throdesis on his foot, although plaintiff claimed he specifically informed the physician that he did not want a triple arthrodesis and although his medical condition only required a bone graph or fixation.
This court held in In re Medical Review Panel for Claim of Larche that plaintiffs claim against his physician for failure to provide adequate informed consent is based on negligence principles and falls within the definition of malpractice. Id. Thus, the court held that the claims are governed by the ^provisions of the Medical Malpractice Act, and plaintiff was required to submit his claim to a medical review panel. This court based its holding on the Supreme Court’s decision in Lugenbuhl v. Dowling, 96-1575 (La.10/10/97), 701 So.2d 447. In Lugenbuhl, the Supreme Court rejected the “battery-based liability in lack of informed consent cases (which involve no-consent cases) in favor of liability based on breach of the doctor’s duty to. provide the patient with material information concerning the medical procedure.” Id.
Accordingly, based on this court’s holding in In re Medical Review Panel for Claim of Larche, along with the Supreme Court’s holding in Lugenbuhl, we find that Plaintiffs claims against Defendants for failure to provide adequate informed consent fall under negligence concepts. Therefore, Plaintiff is required to submit her claim to a medical review panel prior to the commencement of a civil suit.

CONCLUSION:

We conclude that the trial court did not err in granting Defendants’ Exception of Prematurity. Thus, the judgment of the trial court dismissing Plaintiffs suit is affirmed.

AFFIRMED.

. Kim is a resident of the Metropolitan Development Center - a State facility for the mentally retarded.

. I<im is unable to wear dentures because of her severe retardation.