EDWIN A. LOMBARD, Judge.
Plaintiff/appellant Lomaine Filogene (“Plaintiff’) filed this lawsuit individually *1207 and on behalf of her minor child, Ashley Filogene (“Ashley”), against Dr. Victor Brown, Md., (“Defendant”) and his insurer, alleging that that Defendant severely injured her daughter by his acts and omissions in failing to verify her true identity and obtain valid statutory consent prior to performing a procedure to terminate pregnancy. Defendant filed an Exception of Prematurity on the basis that Plaintiff failed to convene a medical review panel to consider the charges of medical malpractice. After a hearing, the trial judge signed a judgment granting Defendant’s exception and dismissing Plaintiffs lawsuit. Plaintiff filed a devolutive appeal from this final judgment. After review of the record, the applicable law, and the arguments, we affirm the judgment of the trial court.

Pertinent Facts

Ashley, at age thirteen, was taken under the pseudonym of Kim Jackson to Defendant’s office on April 21, 1997, by George Malvoisin[1] and Rachel Jackson to terminate her pregnancy. Prior to undergoing the procedure, medical records and consent forms were signed by Rachel Jackson and the purported Kim Jackson which indicated that the patient’s birthdate was April 10, 1979, that she was 18 at the time of the procedure, and that she gave her full consent to the procedure.
In November 1999, after discovering that her daughter had undergone an abortion, Plaintiff filed this action in the Civil District Court. Defendant’s Exception of Prematurity based on Plaintiffs failure to proceed through the statutory medical panel review as required by the Medical Malpractice Act, La.Rev.Stat. 40:1299.41 et seq., was filed on November 17, 1999. After a hearing on April 25, 2003, the trial court entered judgment maintaining the Exception of Prematurity and dismissing Dr. Brown as a party defendant pending medical panel review.

Discussion

The Medical Malpractice Act applies solely to claims arising from medical malpractice, which is defined in La.Rev.Stat. 40:1299.41(A)(8) as any unintentional tort or any breach of contract based on health care [2] or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely.... Under La.Rev.Stat. 40:1299.41(A)(7), a tort is defined as any breach of duty or any negligent act or omission proximately causing injury or damage to another and every health care provider is required, in rendering professional services or health care to a patient, to exercise that degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his best judgment, in the application of his skill.
Under the Louisiana Medical Malpractice Act, an action for malpractice against a qualified health care provider generally may not be commenced in a court of law before the complaint has been presented to a medical review panel and the panel has rendered its expert opinion on the merits *1208 of the complaint, unless the parties agree to waive this requirement. La.Rev.Stat. 40:1299.47. The right to have claims submitted to a medical review panel is a principal advantage for qualified health care providers, according to Hutchison v. Patel, 93-2156, pp. 3-4 (La.5/23/94), 637 So.2d 415, 419.
The principal issue before this court is whether Plaintiffs claim against Dr. Brown must be submitted to a medical review panel prior to commencement of a civil action. Plaintiff attempts to circumvent the medical review panel, arguing that the procedure performed on her thirteen-year old daughter without valid parental consent is excluded from the Louisiana Medical Malpractice Act because a procedure to terminate pregnancy is an intentional tort. In Lugenbuhl v. Dowling, 96-1575 (La.10/10/97), 701 So.2d 447, however, the Louisiana Supreme Court rejected battery-based liability in lack of informed consent cases (which include no-consent cases) in favor of liability based on breach of the doctor’s duty to provide the patient with material information concerning the medical procedure. Lugenbuhl, 96-1575, p. 9, 701 So.2d at 453; see also Baham v. Medical Center of Louisiana, 2000-2022, p. 4 (La.App. 4 Cir. 7/11/01), 792 So.2d 85, 87 ([according to Lugenbuhl, lack of informed consent eases and no consent cases all sound in medical malpractice); Barnes v. Harandi 98-0781, p. 5 (La.App. 4 Cir. 12/9/98), 727 So.2d 530, 533 (claims for failure to provide adequate informed consent fall under negligence concepts and must be submitted to a medical review panel prior to the commencement of action). Accordingly, the Louisiana Supreme Court has already rejected battery-based liability for medical procedures without proper consent.
Plaintiffs attempt to circumvent the medical review panel requirement by arguing that La.Rev.Stat. 9:2800.12 should be applied retroactively is also meritless. That provision creates a new cause of damages attributable to the termination of a pregnancy but did not become effective until August 15, 1997, after the procedure was performed in this case. As the provision is substantive in nature, we will not deem it retroactively applicable in the absence of an explicit statement of intent by the legislature. See La. Civ.Code art. 6; Sudwischer v. Estate of Hoffpauir, 97-785 pp. 8-9 (La.12/12/97), 705 So.2d 724, 728-729, cert. denied, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998).
Accordingly, any allegations that Defendant failed to obtain proper consent prior to performing the procedure are medical malpractice allegations and require submission to a medical review panel prior to commencement of an action. The judgment of the trial court maintaining Defendants Exception of Prematurity is affirmed.

AFFIRMED.

. Plaintiff alleges that Malvoisin sexually abused her daughter for a four-year period and was the father of the aborted child. At oral argument, counsel informed the court that Malvoisin was convicted of a charge related to his sexual abuse of Ashley and is serving a term of imprisonment.

. "Health care is defined as any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient’s medical care, treatment or confinement. La.Rev.Stat. 40:1299.41(A)(9).