CHEHARDY, C.J.
| plaintiff, Carl Perry, appeals the 24th Judicial District Court’s March 29, 2016 judgment sustaining the dilatory exception of prematurity and dismissing without prejudice Mr. Perry’s claims against defendants, Dr. Marc Labat, M.D. and Ochs-ner Medical Center-Westbank. For the reasons that follow, we reverse this judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On June 23, 2012, Carl Perry was injured in a motor vehicle accident. Mr. Perry was on his motorcycle when he was struck by a vehicle driven by Melissa St. Blanc-Champagne. Mr. Perry filed suit on May 23, 2013 naming Ms. St. Blanc-Cham-pagne and her insurer as defendants.
After further discovery, Mr. Perry amended his petition on November 24, 2015, adding as defendants Dr. Marc La-bat, M.D. and Ochsner Medical Center-Westbank. Mr. Perry alleges that Dr. La-bat treated Ms. St. Blanc-Champagne in the Ochsner emergency room on the day of the accident, administered several intravenous drugs to her, and prematurely discharged her while she was still under the influence of the drugs. Ms. St. Blanc-Champagne’s intoxicated state, along with the negligence of Dr. Labat and the hospital in permitting her to drive, Mr. Perry claims, were the proximate causes of his injuries.
On February 17, 2016, defendants pleaded the dilatory exception of prematurity as well as the peremptory exceptions of no cause of action and no right of action. On March 29, 2016, following a hearing on the exceptions, the court issued its judgment, overruling the peremptory exceptions, but sustaining the exception of prematurity.[1] Mr. Perry sought supervisory review from this Court, 1 Rbut we declined to exercise our supervisory jurisdiction, finding a judgment sustaining the exception of prematurity is a final appealable judgment subject to our appellate jurisdiction. Carl Perry v. State Farm Mutual Automobile Ins. Co. et al., 16-216 (La. App. 5/10/16) (unpublished writ disposition). Thereafter, Mr. Perry sought and was granted a devol-utive appeal.
DISCUSSION
An action is premature when it is brought before the right to enforce it has accrued. Williamson v. Hosp. Serv. Dist. *311 No. 1, 04-0451 (La. 12/1/04), 888 So.2d 782, 785 citing La. C.C.P. art. 423. The dilatory exception of prematurity questions whether a cause of action has matured to the point where it is ripe for judicial determination. LaCoste v. Pendleton Methodist Hosp., L.L.C., 07-0008 (La. 09/05/07), 966 So.2d 519, 523; Williamson, supra; Spradlin v. Acadia-St. Landry Med. Found., 98-1977 (La. 2/29/00), 758 So.2d 116, 119.
Under the Louisiana Medical Malpractice Act (“LMMA”), a medical malpractice claim against a private qualified health care provider is subject to dismissal on an exception of prematurity if such claim has not first been presented to a medical review panel. LaCoste, supra. “No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.” La. R.S. 40:1231.8(B)(1)(a)(i) (formerly La. R.S. 40:1299.47(B)(1)(a)(i)).
When the exception of prematurity is pled in the medical malpractice context, the burden of proving prematurity is on the exceptor, who must show that it is entitled to a medical review panel because the allegations fall within the LMMA. LaCoste, supra, at 523-24. Indeed, the LMMA and its limitations on tort | ¡liability for a qualified health care provider apply only to claims “arising from medical malpractice,” while all other tort liability on the part of the qualified health care provider is governed by general tort law. Id. at 524. Therefore, we conduct a de novo review of the district court’s ruling sustaining the dilatory exception of prematurity because the issue of whether a claim sounds in medical malpractice involves a question of law. Matherne v. Jefferson Parish Hospital Dist. No. 1, 11-1147 (La. App. 5 Cir. 5/8/12), 90 So.3d 534, 536, writ denied, 12-1545 (La. 10/12/12), 98 So.3d 873. Moreover, because no evidence was introduced at the hearing on the exceptions, we must, as the district court did below, render our decision on the exception based solely upon the facts as alleged in the petition, accepting all allegations therein as true. See LaCoste, supra at 525, (“Where no evidence is presented at trial of a dilatory exception, like prematurity, the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true.”).
It is undisputed that Ms. St. Blanc-Champagne, not Mr. Perry, is the patient in this case. Although the LMMA’s primary focus is patients’ claims of medical malpractice, the Louisiana Supreme Court has held that the LMMA also applies to non-patient claims, but under limited circumstances. See Hutchinson v. Patel, 93-2156 (La. 5/23/94), 637 So.2d 415. The supreme court held that the LMMA “applies exclusively to claims arising from injuries to or death of a patient where such claims are brought by the patients themselves, their representatives on the patient’s behalf, or other persons with claims arising from injuries to or death of a patient.” Id. at 428 (Emphasis added). Accordingly, under this standard, the issue here is whether Mr. Perry’s non-patient claims against defendants arise from injuries to or the death of Ms. St. Blanc-Champagne.
In Hutchinson, the non-patient plaintiff sued a hospital and psychiatrist for the injuries she sustained as a result of their alleged failure to warn or..take | reasonable precautions to protect her against a threat of physical violence communicated to the psychiatrist by the patient, the plaintiffs husband. Hutchinson, supra, at 417-18. Several weeks after being discharged from the hospital, where he *312 had undergone psychiatric treatment, the patient shot the plaintiff, permanently paralyzing her from the waist down, before he committed suicide. Id. at 418. The district court overruled the defendants’ exception of prematurity, which the First Circuit affirmed on appeal,[2] finding the plaintiffs claim was not covered by the LMMA because it “does not involve the medical care or treatment of a patient.” Id. (quoting Hutchinson v. Patel, 626 So.2d 368, 369 (La. App. 1 Cir. 1993)).
On certiorari review, the Louisiana Supreme Court affirmed, reasoning that the doctor’s “alleged tortious conduct was hot based on his treatment or failure to treat [the patient] because his alleged duty to warn [the] plaintiff was independent of the professional standard of care he owed exclusively to [the patient].” Hutchinson, supra, at 423 (Internal quotations omitted). The court concluded that “because [the plaintiffs] claim does not arise from injury to or death of a patient[,]” the LMMA does not apply. Id. at 428.
On the other hand, in Trahan v. McManus, 97-1224 (La. 3/2/99), 728 So.2d 1273, the Louisiana Supreme Court found the LMMA governed non-patient claims for mental anguish caused by negligence in the treatment of the patient. In Trahan, the mother received a telephone message that her adult son had been transported to the emergency room after sustaining’ injuries in a motor vehicle' accident. Trahan, 728 So.2d at 1275. When she arrived to the hospital, her son appeared to be in 15pain, but the doctor assured her that he was not seriously injured and simply needed bed rest. Id. He was discharged within three hours of being admitted to the emergency room. Id. Unfortunately, the doctor had read the wrong chart; and the son, as reflected in the correct chart, was in fact suffering from shock and internal bleeding. Id. At home, he complained of severe pain to both of his parents and subsequently died in them presence about seven hours after his discharge from the hospital. Id. The parents filed an action against the doctor to recover damages under La. C.C. Art. 2315.6 for them mental anguish and emotional distress resulting from their son’s injury and death. Id.
Following a jury trial in which the jury returned a verdict in favor of the defendants, the Third Circuit reversed. Trahan v. McManus, 96-669 (La.App. 3 Cir. 2/19/97), 689 So.2d 696. In addition to reversing the jury’s verdict on the merits, the court of appeal found that the case was not governed by the LMMA and so concluded that the district court had erred in instructing the jury on the law as provided under the LMMA. Id. at 709-10.
On certiorari review, however, the Louisiana Supreme Court reversed and dismissed the parents’ action. Trahan v. McManus, 97-1224 (La. 3/2/99), 728 So.2d 1273. Before concluding that the parents could not succeed on them claims under *313 La. C.C. Art. 2315.6,[3] the court addressed the issue of the jury instructions Rand determined that the case was in fact governed by the LMMA. Applying Hutchinson, the court concluded that the LMMA applied because the parents’ claims of mental anguish arose from their son’s injury and death that had been caused, at least in part, by the negligence of the doctor. Id. at 1276-77.
Conversely, in a case analogous to the one presently before us, the Second Circuit applied Hutchinson to find the LMMA did not govern a non-patient’s claim. In Jones v. Scriber, 30,693 (La.App. 2 Cir. 06/24/98), 716 So.2d 905, the plaintiff was injured when his horse and buggy was struck by a vehicle driven by the defen-' dant. The plaintiff sued the defendant’s ophthalmologist, arguing the doctor negligently certified to the State Office of Motor Vehicles that the defendant’s corrected vision was sufficient for him to safely operate a vehicle. Jones, 716 So.2d at 905-06. The district court overruled the doctor’s exception of prematurity, which the Second Circuit affirmed on appeal. Id. Noting that the record was devoid of any assertion by the defendant “that he was injured in the accident or sought contribution or indemnification from [the doctor] for any damages [the plaintiff] may recover from [him,]” the Second Circuit concluded that, under Hutchinson, because the plaintiffs claim against the doctor “is a non-patient claim which does not arise from injuries to or death of [the doctor’s] patient,” the claim does not fall within the purview of the LMMA. Id. at 906.
Similarly, here, the record does not suggest that Ms. St. Blanc-Champagne was injured in the accident or sought contribution or indemnification from Dr. Labat or the hospital for any damages Mr. Perry may recover from her. In fact, in Ms. St. Blanc-Champagne’s motion to quash Mr. Perry’s request for production of documents, filed on July 6, 2015, she stated, “[Ms. St. Blanc-Champagne] has not asserted any personal injury claim in this suit.” And in her accompanying |7memorandum, she stated, “[Ms. St. Blanc-Champagne] has not put her health at issue. Any medical treatment which she may or may not have received is not relevant to the issues of the instant lawsuit.”
Absent any indication that Ms. St. Blanc-Champagne sustained injuries in *314 this matter, we cannot find that Mr. Perry’s non-patient claims against defendants arise from injuries to the patient. Therefore, in accordance with Hutchinson, his claims are not governed by the LMMA and are not required to be presented to a medical review panel. The district court erred in sustaining the exception of prematurity.
DECREE
For the foregoing reasons, we reverse the district court’s March 29, 2016 judgment sustaining defendants’ exception of prematurity and dismissing without prejudice plaintiffs claims against defendants. We also vacate the district court’s ruling on plaintiffs motion to compel discovery. We remand this matter to the district court for reconsideration of plaintiffs motion to compel and for further proceedings.
REVERSED; REMANDED

. After this appeal was lodged and docketed in this Court, it was determined that the district court's judgment of March 29, 2016 was deficient because it lacked the requisite decre-tal language. Particularly, the judgment failed to specify the relief that was granted by sustaining the exception of prematurity, i.e., dismissal of claims. Consequently, pursuant to our supervisory jurisdiction, this Court ordered the district court to amend its judgment to specify the relief granted. On November 2, 2016, the district court amended its judgment to specify that as a result of sustaining the exception of prematurity, Mr. Perry's claims against defendants were dismissed without prejudice.

. Generally, a judgment overruling the dilatory exception of prematurity is interlocutory and unappealable. Louisiana courts, however, have found that a judgment requiring a health care provider to forgo the benefit of a medical review panel is considered appealable because medical review panel proceedings cannot be adequately replicated after reversal on appeal. See Jordan v. Stonebridge, L.L.C., 03-588 (La.App. 5 Cir. 11/25/03), 862 So.2d 181, 182 n.1, writ denied, 03-3520 (La. 3/19/04), 869 So.2d 851; McKnight v. D & W Health Servs., 02-2552 (La.App. 1 Cir. 11/7/03), 873 So.2d 18, 20-21; Fincher v. Dep't of Health & Hosps., 29,640 (La.App. 2 Cir. 4/2/97), 691 So.2d 844, 845; Prisk v. Palazzo, 95-1475 (La.App. 4 Cir. 1/19/96), 668 So.2d 415, 416, writ denied, 96-437 (La. 4/8/96), 671 So.2d 335; Head v. Erath Gen. Hosp., Inc., 458 So.2d 579, 580-81 (La. App. 3 Cir. 1984), writ denied, 462 So.2d 650 (La. 1985).

. The court reasoned:
The present case is complicated by the fact that the event which caused the injury and death was the automobile accident. The doctor’s negligence was failing to read the correct chart and to provide treatment to the patient based on the data on the chart, which arguably caused the patient to lose his chance of surviving the automobile accident injuries. This negligence of omission, while a concurrent cause of the death (if plaintiffs proved cause-in-fact, an issue we do not reach), was not an injury-causing event in which the claimant was contemporaneously aware that the event had caused harm to the direct victim, as required for recovery of Article 23IS.6 damages.
Even under the view of the court of appeal that the injury-causing event was the doctor’s negligent discharge of the patient, that event was not a traumatic event likely to cause severe contemporaneous mental anguish to an observer, even though the ultimate consequences were tragic indeed. There was no observable harm to the direct victim that arose at the time of the negligent failure to treat, and no contemporaneous awareness of harm caused by the negligence. The doctor’s negligent discharge of the patient, accompanied by mistaken assurances that the patient would soon recover, was not itself an emotionally shocking event. Similarly, the father’s witnessing his son’s arrival home from the hospital was not the witnessing of an injury-causing event, or the coming soon after upon the scene of an injury-causing event, for which bystander damages may be awarded under the strict limitations of Article 2315.6.
Trahan, supra, at 1280.